-UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LENELL ROBINSON,

                Petitioner,

              v.

DALE ARTUS, Superintendent of Clinton
Correctional Facility,

                Respondent.

_____

**ORDER**
**No. 05-CV-6199(DGL)(VEB)**

## INTRODUCTION

*Pro se* petitioner Lenell Robinson ("Robinson") filed the instant habeas proceeding

challenging his conviction for second degree (depraved indifference) murder pursuant to N.Y.

Penal Law § 125.25(2) with regard to the shooting death of Corey Thomas. *See* Petition (Docket

No. 1).[1] Robinson asserted the following grounds for habeas relief: (1) the trial court erred in

refusing to charge the lesser included offense of criminally negligent homicide; (2) the trial court

erred in failing to include the "initial aggressor" language in its jury instruction on the defense of

justification; and (3) the verdict on the depraved indifference conviction was against the weight

of the evidence.

On October 25, 2007, Robinson filed a pleading titled, "Request for Stay" (Docket No.

21) with the Court. Robinson has requested that his habeas petition be held in abeyance while he

returns to state court for purposes of exhausting a claim based on the "sufficiency of the

evidence" supporting his murder conviction "in light of the recent jurisprudential shift in the law

---

[1]     This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for the issuance of a Report and Recommendation with regard to the merits of Robinson's Petition. Under the referral order (Docket No. 29), the undersigned also was tasked with the hearing and determination of all non-dispositive motions.

concerning depraved indifference murder." Petitioner's Request for Stay (Docket No. 21) (citing *People v. Feingold*, 7 N.Y.2d 288 (N.Y. 2006); *Policano v. Herbert*, 7 N.Y.3d 588 (N.Y. 2006)). It is not clear from Robinson's Request for a Stay whether he yet has initiated exhaustion proceedings in state court with regard to his insufficiency-of-the-evidence claim.

For the following reasons, Robinson's motion to hold the petition in abeyance is denied without prejudice.

## DISCUSSION

Upon reviewing Robinson's Petition (Docket No. 1), the Court notes that it does not appear to be a "mixed petition"–i.e., one that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). A review of the state court records reveals that Robinson presented all of the claims raised in the Petition in his appellate brief on direct appeal of conviction to the Appellate Division, Fourth Department, of New York State Supreme Court. Thus, it does not appear that the Court is presented with a "mixed" petition at this time. Rather, based on this Court's reading of Robinson's Request for a Stay, he is seeking to add a new, unexhausted claim to his Petition.

"[A] district judge confronting a mixed petition has discretion either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition." *Zarvela v. Artuz*, 254 F.3d 374, 377 (2d Cir.), *cert. denied sub. nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001). The Supreme Court has approved the use of such a stay in limited circumstances. *See Rhines v. Weber*, 125 S.Ct. 1528 (2005) (cautioning that, even where good cause exists for a petitioner's failure to exhaust his claim in state court, a federal habeas proceeding should not be stayed pending exhaustion when the claim is "plainly meritless"). Here, because the Court does

-2-

not appear to be confronted by a "mixed" petition, Robinson's motion to hold the Petition in abeyance is premature. *See Clancy v. Phillips*, 04 CV 4343KMK, 2005 WL 1560485, at *6 (S.D.N.Y. July 1, 2005) ("Although the Court may, in its discretion, stay a habeas case while a petitioner pursues state remedies on unexhausted claims, *see Rhines*, the Court declines to do so here. The stay-and-abeyance procedure is available when the Court is confronted by a mixed petition, but no mixed petition is presented in this case at this time.") (citation omitted)). Accordingly, before the Court can properly address Robinson's motion for a stay, Robinson must file a motion to amend the Petition pursuant to Federal Rule of Civil Procedure 15 to include the new, unexhausted claim of insufficient evidence that he seeks to add to the Petition. The motion to amend the petition *must* attach a proposed amended petition that raises *both* the claims now raised in the petition *and* the new claim that Robinson needs to exhaust.

Petitioner is advised that in his motion to amend the petition he should address the "relation back" requirement of Rule 15(c) of the Federal Rules of Civil Procedure. Where a petitioner seeks to add a new claim to his habeas petition after the expiration of the statute of limitations[2], he is required to show that the proposed amendment "relates back" to the claims in the original petition. *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 816 (2d Cir. 2000) ("[W]e hold that Rule 15(c) [of the Federal Rules of Civil Procedure] applies to [28 U.S.C.] § 2254 petitions for habeas corpus."). An amendment relates back if the claim that is sought to be added "arose out of the conduct, transaction, or occurrence set forth" in the original petition.

---

[2]       "A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

FED. R. CIV. P. 15(c)(1)(B).[3]  The Supreme Court recently has circumscribed the definition of Rule 15(c)'s "conduct, transaction, or occurrence" in the habeas context, holding that it cannot be read to encompass a petitioner's state-court criminal "trial, conviction, or sentence." *See Mayle v. Felix*, 545 U .S. 644, 656 (2005). According to the *Mayle* court, to hold otherwise would mean that "virtually any" proposed amendments to a habeas petition would "relate back" for purposes of Rule 15(c), since "federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." *Id.* at 657 (citation omitted). Instead, the Supreme Court determined that "relation back will be in order" provided that "the original and amended petitions state claims that are tied to a common core of operative facts." *Id.* A proposed amendment, however, will not "relate back" to the date of the original petition "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 2566.

In addition to his motion to amend attaching a proposed amended petition, Robinson must re-file his motion for a stay.  He should be aware that in *Rhines v. Weber*, 544 U.S. at 277, the Supreme Court limited the district courts' approval of stay requests to those situations where there is both a showing by petitioner of "good cause" for the petitioner's failure to exhaust the claims in state court prior to bringing the federal habeas corpus petition *and* that the unexhausted

---

[3]     Rule 15(c) provides in relevant part that

An amendment to a pleading relates back to the date of the original pleading when:
. . .
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading . . .

FED. R. CIV. P. 15(c)(1)(B) (former FED. R. CIV. P. 15(c)(2)).

claims are not "plainly meritless." *Id.* at 277.[4]  When Robinson submits his new motion for a stay, he should address (1) whether there was "good cause" for petitioner's failure to exhaust the new claims; (2) whether the claim "relates back" to the originally pled claims, *see Mayle v. Felix*, 545 U.S. 644 (2005); and (3) whether the new claim is "potentially meritorious" on federal habeas corpus review). *See, e.g., Faden v. Annetts*, 05 Civ. 1850 (BSJ) (DF), 2005 WL 1765714 (S.D.N.Y. July 26, 2005) (denying request for stay without prejudice to renew upon a showing of "good cause", that the proposed claims "relate back", and that the new claims are "potentially meritorious").

Because Robinson has thus far failed to show both "good cause" for the failure to exhaust and that the new claim is "potentially meritorious," Robinson's request for a stay of these proceedings with respect to any unexhausted claim must be denied without prejudice at this time. **The Court points out that this Order does not in any way limit petitioner's ability to begin to pursue any *state* court remedies that may be available to him with regard to his insufficiency-of-the-evidence claim independent of his habeas petition. He is advised, however, that he must fulfill the conditions stated herein for amending his habeas petition so as to present the claim of insufficient evidence to this Court.**

**Accordingly,**

**IT IS HEREBY ORDERED** that, petitioner's Request for a Stay is **DENIED** without prejudice subject  to petitioner's re-filing the motion and showing pursuant to *Rhines v. Weber*,

---

[4]     The Supreme Court stated in *Rhines* that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*

544 U.S. at 277-78, that (1) there is "good cause" for his failure to exhaust the new claim; (2) that the new claim relates back under FED. R. CIV. P. 15 and *Mayle v. Felix*, 545 U.S. at 650,[5] to the claims originally pled in the Petition; and (3) that the new claim is potentially meritorious. If petitioner re-files his motion for a stay, he must also serve it on respondent's counsel.

**FURTHER**, to the extent petitioner seeks to add a new claim to the petition, he shall, in addition to re-filing the motion for a stay, file concurrently and serve upon respondent a motion to amend the petition pursuant to FED. R. CIV. P. 15 which addresses the issue of timeliness of the new claim and "relation back." Petitioner shall also attach to his motion to amend a proposed amended petition that raises both the claims now raised in the petition and the new claim petitioner seeks to exhaust and add to the instant habeas corpus proceeding. Petitioner's motion to amend the petition must be served upon respondent's counsel.

**FURTHER**, should petitioner re-file his motion for a stay and a proposed amended petition, respondent shall have thirty (30) days from the date of service of those pleadings to submit an opposing memorandum of law. Petitioner shall have twenty (20) days from the date he receives respondent's opposition papers to submit a reply memorandum of law.

**FURTHER**, the Clerk of the Court is directed to send petitioner a Form Petition For Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254, which petitioner should use for his proposed amended petition.

      **IT IS SO ORDERED**.                 /s/ *Victor E. Bianchini*

                                                   VICTOR E. BIANCHINI
                                     United States Magistrate Judge

DATED:      February *15*, 2008
                Rochester, New York.

---

[5]    "An amended habeas petition . . . does not relate back (and thereby escape [28 U.S.C. § 2244(d)(1)]'s one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.